UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA JACOB and CHRISTOPHER WATSON, individuals, on behalf of themselves, and on behalf of all persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRIDE TRANSPORT, INC., a Corporation; Does 1 through 50, Inclusive,<br><br>Defendants. | CASE NO. 5:16-CV-06781-BLF<br><br>Assigned to: Hon. Beth Labson Freeman<br><br>**[PROPOSED] ORDER:**<br><br>**(1) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT;**<br><br>**(2) APPROVING CLASS NOTICE AND RELATED MATERIALS;**<br><br>**(3) APPOINTING SETTLEMENT ADMINISTRATOR; AND**<br><br>**(4) SCHEDULING FINAL APPROVAL HEARING** |

On September 28, 2017, a hearing was held on the motion of Plaintiffs Linda Jacob and Christopher Watson ("Plaintiffs") for preliminary approval of the parties' proposed settlement ("Settlement"), approval of the class notice, and the setting of a date for the hearing on final approval of the settlement. Blumenthal, Nordrehaug & Bhowmik appeared for Plaintiffs, and Littler Mendelson, P.C. appeared for Defendant Pride Transport, Inc. ("Defendant").

The Court having read and considered the papers, the arguments of counsel, and the law, **IT IS ORDERED:**

1. This Order incorporates the defined terms in the Joint Stipulation of Class Action Settlement and Release (the "Agreement") (Declaration of Norman Blumenthal ["Nordrehaug Decl."], Exh. 1).

2. Pursuant to the Agreement, the following Class is conditionally certified for settlement purposes: "All current and former truck drivers who are or were employed as truck drivers by Defendant at any time during the period from May 31, 2012, to December 28, 2016, who performed any work in California and who were paid on the basis of activity-based work."

3. The parties' Agreement is granted preliminary approval as it meets the criteria for preliminary settlement approval. The Settlement falls within the range of possible approval as fair, adequate and reasonable, and appears to be the product of arm's-length and informed negotiations and to treat all Class Members fairly. Continued litigation would have been expensive for both sides. The parties acknowledge that litigating and trying this action may have resulted in delay of any recovery, involved significant risk as to liability and certification, and led to possible appeals. Class Counsel received the relevant information for the Class. Plaintiffs have adequately demonstrated that the agreement to settle did not occur until Class Counsel possessed sufficient information to evaluate the case and make an informed decision about settlement.

4. The parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all class members whose identities are known to the parties, and such notice is the best notice practicable. The parties' proposed Notice of Pendency of Class Action and Claim Correction Form ("Notice") attached to the Agreement as Exhibit A, sufficiently informs Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the settlement, their right to receive an Individual Class Member Payment or elect not to participate in the Settlement, and the processes for doing so, and the date and location of the final approval hearing, and therefore are all approved. **Class Counsel will make the minor modifications to the Notice discussed and agreed upon at the preliminary approval hearing to clarify that Class Members may choose to opt out and bring individual actions at their own expense.**

5. Any Class Member who does not submit a valid request for exclusion will receive an Individual Class Member Payment based upon the allocation formula in the Agreement.

6. Any Class Member who wishes to comment on or object to the Settlement, the attorneys' fees and costs, and/or the proposed Class Representative Service Payments, or who elects not to participate in the Settlement has until 45 days after the mailing of the Class Notice to submit his or her comment, objection, or request for exclusion in Settlement pursuant to the procedures set forth in the Class Notice. Class Counsel must file their application for the attorneys' fees and costs no later than 14 days prior to the end of the objection period, and the application will be heard at the Final Approval Hearing

7. Simpluris is appointed to act as the Claims Administrator, pursuant to the terms set forth in the Settlement. Blumenthal, Nordrehaug & Bhowmik are approved as Class Counsel and Linda Jacob and Christopher Watson are approved as the representatives of the Class

8. Defendant is directed to provide the Claims Administrator the Class Data as specified by the Agreement no later than 15 days after the date of this order.

9. The Settlement Administrator is directed to mail the approved Class Notice by first-class mail to the Class Members no later than 30 days after the date of this order.

10. A final hearing will be held on February 22, 2018, at 1:30 p.m., to determine whether the Settlement should be granted final approval as fair, reasonable, and adequate as to the Class Members. The Court will hear all evidence and argument necessary to evaluate the Settlement, and will consider the request for approval of attorneys' fees and costs and for approval of the Class Representative Service Payments. Class Members and their counsel may support or oppose the Settlement and the motion for an award of attorneys' fees and costs and the Enhancement Awards, if they so desire, as set forth in the Notice.

11. Any Class Member may appear at the final approval hearing in person or by his or her own attorney, and show cause why the Court should not approve the Settlement, or object to the motion for an award of attorneys' fees and costs and the Service Awards. For any written comments or objections to be considered at the hearing, the Class Member must file comments with the Clerk of Court and serve on all counsel and describe the nature of the Class Member's comments, support or objection. Written comments or objections to the Settlement or to the attorneys' fees and costs must be filed with the Court and served on counsel not later than 45 days after mailing of the Notice.

12. The Court reserves the right to continue the date of the final approval hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

Dated: October 17, 2017__  /s/ Beth Labson Freeman
Hon. Beth Labson Freeman
U.S. District Court Judge

- 3 -

CASE NO. 5:16-CV-06781 PROPOSED ORDER